UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KHAMIS A. ABUZIR, <br><br> Plaintiffs, <br><br> v. <br><br> MIDSTATE COLLECTION SOLUTIONS, INC., <br><br> Defendant. | Case No. 1:21-cv-02174 |

**NOW COMES** KHAMIS A. ABUZIR, by and through his undersigned counsel, complaining of Defendant MIDSTATE COLLECTION SOLUTIONS, INC., as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for the Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4. KHAMIS A. ABUZIR ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Justice, Illinois.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. MIDSTATE COLLECTION SOLUTIONS, INC. ("Defendant") maintains its principal place of business in Champaign, Illinois.

1

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts in the state of Connecticut that are owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

8. At some point, Plaintiff received dental services from Orland Park Dental.

9. At the time of service, Plaintiff paid his balance of $1,265.00.

10. On February 12, 2021, Defendant sent Plaintiff a collection letter, claiming that Plaintiff still owed the $1,265.00 to Orland Park Dental ("subject debt").

11. The subject debt is a "debt" as defined by 15 U.S.C. §1692a(5) because it was incurred for personal purposes.

12. Shortly after Plaintiff received the letter, Plaintiff and his wife called Defendant and advised that neither she nor her husband owed the subject debt.

13. Specifically, Plaintiff and his wife informed Defendant's representative that the balance owed to Orland Park Dental was paid, in full, at the time of service.

14. Plaintiff and his wife questioned why this matter was with a debt collector.

15. In response Defendant's representative stated they were not a debt collector.

16. Plaintiff and his wife were confused and mislead by Defendant's representative statement.

17. Specifically, when Plaintiff and his wife reviewed the collection letter they received the letter stated:

18. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

19. Plaintiff was confused regarding the status of his account.

20. Specifically, Plaintiff was confused as to whether or not Defendant was a debt collector as the correspondence he received said one thing, while Defendant's representative stated another.

21. The FDCPA gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. See *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ... .").

22. Plaintiff was unable to make an intelligent evaluation of whether Defendant was a debt collector and what the status of the subject debt was due to Defendant's misleading and false statements.

23. Concerned with Defendant's continued collection activity, Defendant hired counsel to assist with this matter.

## CLAIMS FOR RELIEF

### COUNT I:

### Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)

24. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

#### a. Violations of 15 U.S.C. §1692e

25. Section 1692e(2) of the FDCPA prohibits a debt collector from falsely representing the character, amount, or legal status of a debt. 15 U.S.C. §1692e(2).

26. Section 1692e(10) of the FDCPA prohibits a debt collector from the use of any false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C.

§1692e(10)

27. Defendant violated §§1692e(2) and (10) by falsely representing the amount of the subject debt.

28. Defendant further violated §§1692e(2) and (10) by falsely representing that Defendant was not a debt collector.

29. Specifically, Defendant was attempting to collect on a debt that was already paid and whose balance was zero.

30. Plaintiff was concerned with Defendant's attempted collection of a debt that had already been paid and feared further collection activity.

**Violation of 15 U.S.C. § 1692f**

31. Section 1692f provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

32. Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect debt (Plaintiff's alleged debt to Orland Park Dental) not permitted by law as Plaintiff already made a full and complete payment on the subject debt.

**WHEREFORE,** Plaintiff KHAMIS A. ABUZIR requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

c. Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: April 22, 2021

Respectfully submitted,

**KHAMIS A. ABUZIR**

By: */s/ Jennifer Ann McLaughlin*

Jennifer Ann McLaughlin, Esq.
Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
(630) 581-5450
jmclaughlin@sulaimanlaw.com
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com